# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON NAVARRO LUPERCIO, | Case No. 1:22-cv-00338-HBK(HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF JURISDICTION[1] |
| v. | |
| OFFICE OF THE CLERK OF COURT, | OBJECTIONS DUE IN 14 DAYS |
| Respondent. | (Doc. No. 1) |
| | ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Ramon Navarro Lupercio, a state prisoner proceeding *pro se*, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). This matter is before the court for preliminary review. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must examine the habeas corpus petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. Under Rule 4, courts have "an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). The court may dismiss claims at screening for "easily identifiable" procedural defects. *See id*. Finding the petition successive, the undersigned recommends that the petition be dismissed.

---

[1] The undersigned submits these factual finding and recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

## I. BACKGROUND

Petitioner, while incarcerated in San Quentin State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of California on March 18, 2022. (Doc. No. 1). Finding petitioner was challenging his 2003 conviction for attempted murder with the use of a firearm entered by the Tulare County Superior Court, the petition was transferred to this Court on March 24, 2022. (Doc. No. 7). The Court takes judicial notice of its files and notes Petitioner has filed eight previous habeas petitions in this Court, all challenging his 2003 conviction for attempted murder with the use of a firearm entered by the Tulare County Superior Court: *See Lupercio v. Gonzalez*, No. 1:08-cv-00012-LJO-JLT (dismissed as untimely); *Lupercio v. Sherman*, No. 1:15-cv-00915-DAD-MJS (dismissed as successive); *Lupercio v. Sherman*, No. 1:15-cv-01834-DAD-MJS (same); *Lupercio v. Sherman*, No. 1:16-cv-00233-DAD-MJS (same); *Lupercio v. People of the State of California*, No. 1:20-cv-00925-DAD-JDP (same); *Lupercio v. Visalia Police Department*, No. 1:21-cv-00306-DAD-JLT (same); *Lupercio v. Mendoza*, No. 1:21-cv-00579-DAD-JLT (same); *Lupercio v. Mendoza*, No. 1:21-cv-00935-DAD-JLT (same).

Petitioner's first petition (No. 1:08-cv-00012-LJO-JLT) was denied as untimely; and his subsequent petitions were dismissed as second or successive. *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive"). Nothing in the docket shows that petitioner obtained an order from the Ninth Circuit Court of Appeals authorizing him to file a second or successive petition.

## II. APPLICABLE LAW AND ANALYSIS

A second or successive petition that raises the same grounds as a prior petition must be dismissed. 28 U.S.C. § 2244(b)(1). Dismissal also is required for a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new constitutional right, made retroactive by the United States Supreme Court or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and

2

convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements; the petitioner must obtain leave from the Ninth Circuit Court of Appeals to proceed. *See* § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007); *Chades v. Hill*, 976 F.3d 1055, 1056 (9th Cir. 2020). This court is mandated to dismiss a second or successive petition unless the Court of Appeals has given petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Burton*, 549 U.S. at 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

Because petitioner has sought relief from this Court on eight prior occasions for the same conviction, the undersigned finds that the instant petition is an unauthorized successive petition prohibited by 28 U.S.C. § 2244(b). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no jurisdiction to consider petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. *See Burton*, 549 U.S. at 157.

### III.   CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is RECOMMENDED:

1. The petition (Doc. No. 1) be dismissed as successive.

2. No certificate of appealability be issued.

3. The Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   April 29, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE