UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON NAVARRO LUPERCIO,<br><br>Petitioner,<br><br>v.<br><br>OFFICE OF THE CLERK OF COURT,<br><br>Respondent. | No.  1:22-cv-00338-ADA-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 13, 20) |

Petitioner Ramon Navarro Lupercio is a state prisoner proceeding *pro se* with an amended petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 29, 2022, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed as successive.[1]  (Doc. No. 20.)  Those findings and recommendations were served on petitioner and contained notice that any objections

---

[1] The Court notes a scrivener's error in the findings and recommendations that identifies the initial petition as the operative pleading (Doc. No. 1) as opposed to the first amended petition (Doc. No. 13).  The Clerk of Court correctly docketed the findings and recommendations as recommending dismissal of the amended petition. (Doc. No. 20.)  The Court also notes that, assuming arguendo, the findings and recommendations addressed the initial petition, any error would be harmless because the initial petition and the amended petition are identical.

1 thereto were to be filed within fourteen (14) days of service.  (*Id.*)  On May 5, 2022, petitioner timely filed objections that, to the extent discernable, restate the assertions made in his amended petition.  (Doc. No. 22.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a de novo review of the case.  Thus, having carefully reviewed the entire file, including petitioner's objections, the court holds the findings and recommendations to be supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253.  Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further.  Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on April 29, 2020 (Doc. No. 20) are adopted in full;
2. The amended petition for writ of habeas corpus (Doc. No. 13) is dismissed;
3. The court declines to issue a certificate of appealability; and

///

///

///

///

2

4. The Clerk of Court is directed terminate any pending motions/deadlines and to close the case.

IT IS SO ORDERED.

Dated:  September 13, 2022

UNITED STATES DISTRICT JUDGE

3